IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 3:09-00106 |
| JASON PATE | ) | JUDGE RICHARDSON |
| | ) | |

## ORDER

Pending before the Court is the "United States' Motion to Quash Two Subpoenas" (Doc. No. 198, "Motion"), wherein the Government requests the Court to quash subpoenas for Kelley Blackwell and Patricia Smith, sex offender treatment providers approved by the Tennessee Sex Offender Treatment Board ("TSOTB"). Defendant promptly responded in opposition (Doc. No. 199, "Response"). In a previous Order, the Court set forth the legal standard for evaluating a motion to quash a subpoena to testify:

> Under Federal Rule of Criminal Procedure 17(a), "a valid subpoena may command a witness to attend and testify." *United States v. Peavler*, Case No. 3:15- CR-14, 2017 WL 1018304, at *1 (E.D. Ky. Mar. 10, 2017) (citing *United States. v. Llanez-Garcia*, 735 F. 3d 483, 493 (6th Cir. 2013)) (internal citations omitted). When evaluating a motion to quash a subpoena ad testificandum, courts frequently draw on principles analogous to those used when deciding a motion to quash a subpoenas duces tecum. *United States v. Santistevan*, No. 11-cr-00406-CMA, 2012 WL 2875949 *1 (D. Colo. July 12, 2012) ("The standard is basically the same for subpoenas compelling the attendance of witnesses—i.e., subpoenas ad testificandum under Rule 17(a)" as it is for subpoenas duces tecum under Rule 17(c)). In particular, "a subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." *Peavler* at *2 (quoting *Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000)).
>
> Under comparable principles governing motions to quash subpoenaed production of documents, "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The Supreme Court clarified the meaning of this standard in *United States v. Nixon*, 418 U.S. 683, 700 (1974),

holding that a subpoena duces tecum is not "unreasonable or oppressive" if the proponent establishes relevancy, admissibility, and specificity. *See id.* at 700. "Decisions regarding the quashing of a subpoena duces tecum, submitted pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, are committed to the trial judge's discretion." *United States v. Hughes*, 895 F.2d 1135, 1145 (6th Cir. 1990).

(Doc. No. 197 at 2-3). Defendant has now subpoenaed all sex offender treatment providers (Dr. Donna Moore, Kelley Blackwell, and Patricia Smith), who are under contract with the U.S. Probation Office, to testify at the modification hearing scheduled for April 26, 2024. The Court recently quashed the subpoena issued to Dr. Donna Moore (Doc. No. 197), noting the unexplained delay in the service of the subpoena; Dr. Moore's unavailability on April 26, 2024 (due to a previously scheduled trip); her inability to provide treatment to Defendant in the future; and Defendant's failure to show her testimony was relevant and material to the question of whether the sex-offender-specific special conditions of supervised release proposed by the Government are warranted under 18 U.S.C. § 3583(d)(1)-(3).

Although the Government now seeks to quash the subpoenas for Kelley Blackwell and Patricia Smith, those subpoenas can be distinguished from the subpoena to Dr. Donna Moore (*see* Doc. No. 193) in two substantial ways. First, Kelley Blackwell and Patricia Smith have not previously provided testimony that they are unwilling or unable to provide sex offender treatment to Defendant. Second, the Government has not established that these two treatment providers would endure a hardship if they were compelled to comply with their respective subpoenas; relatedly, unlike Dr. Moore, neither of them has herself given the Court any indication that she objects to such compliance. Second, these two treatment providers reportedly have been proposed by the U.S. Probation Office as viable treatment providers for Defendant. In the Court's view, they remain potential treatment providers, even though Defendant thus far has objected to their serving as treatment providers to their apparent geographic remoteness from him. Thus, the Court finds that

Defendant has established that the testimony sought is both relevant and material at this juncture to the question of whether the sex-offender-specific special conditions of supervised release proposed by the Government are warranted under 18 U.S.C. § 3583(d)(1)-(3).[1]  Accordingly, the Motion is DENIED.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that either party or the U.S. Probation Office intends to propose a treatment provider other than Kelley Blackwell or Patricia Smith, the Court encourages the parties (and perhaps also the U.S. Probation Office) to discuss prior to the hearing —rather than coyly withhold until the time of the hearing— any such proposal.